IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Walter Scott West,<br><br>          Petitioner,<br><br>v.<br><br>Conrad M Graber,<br><br>          Respondent. | No. cv-11-347-TUC-JGZ (CRP)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Petitioner's Amended Habeas Petition filed pursuant to 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody. (Doc. 4). Respondent filed an Answer to the Habeas Petition and Petitioner filed a Reply. (Docs. 13, 14). At issue in the Habeas Petition is the Bureau of Prison's calculation of Petitioner's presentence credit on his federal sentence. (Doc. 4, p. 9).[1]

**Factual and Procedural Background**

On March 15, 2008, Petitioner was arrested by the Pennington County Sherriff's Office in Rapid City, South Dakota for Impersonation to Deceive Law Enforcement. (Doc. 13-2, p. 8). Six days after his arrest, on March 21, 2008, Petitioner pled guilty to the state count and was sentenced to a term of 365 days. (Doc. 13-2, p. 10). While in state custody, Petitioner was charged in federal court for making a false statement. (Doc. 14, p.

---

[1] The Magistrate Judge cites to the record using the pagination of the Court's CM/ECF system.

5). On June 2, 2008, Petitioner was borrowed from the custody of the State of South Dakota pursuant to a writ of habeas corpus *ad prosequedum* issued by the United States District Court, District of South Dakota Western Division. (Doc. 13-2, p. 14).[2] On February 20, 2009, Petitioner was sentenced in federal court to a 60-month prison term for making a false statement. (Doc. 13-2, p. 14). During sentencing, the district judge recommended Petitioner receive presentence credit from June 2, 2008 to the date of Petitioner's sentencing for the federal crime on February 20, 2009. (Doc. 13-2, p. 17). Petitioner was returned to the custody of the State of South Dakota on February 24, 2009. (Doc. 13-2, p. 14).

One year from the date of his initial arrest, Petitioner completed his state sentence on March 15, 2009. (Doc. 13-2, p. 23). At that time Petitioner was readmitted to federal authorities to serve the sentence on his federal conviction. (Doc. 13-2, p. 14). The Federal Bureau of Prisons ("BOP") calculated Petitioner's federal sentence as commencing on February 20, 2009, the date of sentencing for the federal conviction. (Doc. 13-2, p. 29). The BOP awarded Petitioner six days of presentence credit for the detention period of March 15, 2008 through March 20, 2008. (Doc. 13-1, p. 9). These were the six days Petitioner spent in custody prior to his pleading guilty in state court to the state charge on March 21, 2008. (Doc. 13-2, p. 10). The BOP did not award Petitioner any credit on his federal sentence for the time he spent in federal custody pursuant to the writ of habeas corpus *ad prosequedum*, which was June 2, 2008 through February 23, 2009.

In his Habeas Petition, Petitioner argues he is entitled to presentence credit for the time he was in federal custody pursuant to the writ of habeas corpus *ad prosequedum*. (Doc. 4). Respondent contests the Habeas Petition arguing (1) that Petitioner failed to exhaust his administrative remedies and (2) the BOP correctly calculated Petitioner's sentence and he is not entitled to presentence credit for the time he was in federal custody

---

[2] On the Attachment provided by the Government, Petitioner's status was listed as "WHCAP". According to the Bureau of Prison's program statement this acronym means writ of habeas corpus *ad prosequendum*. *See* P.S. 5880.30, July 16, 1993, Appendix I, page 4 (glossary of terms). www.bop.gov/DataSource/execute/dsPolicyLoc

pursuant to the writ of habeas corpus *ad prosequedum*. (Doc. 13).

**Jurisdiction of the Court**

A habeas petition challenging the manner, location or condition of a sentence's execution must be brought pursuant to § 2241 in the custodial court. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir.2000). A § 2241 habeas petition is the appropriate vehicle to challenge the BOP's determination of presentence credit on a petitioner's prison sentence. *Taylor v. Reno*, 164 F.3d 440, 442 (9th Cir.1998). In the case before this Court, Petitioner is challenging the BOP's determination of his presentence credit and he was housed in Safford, Arizona, within the jurisdiction of the Arizona District Court, when he filed his Habeas Petition. This Court has jurisdiction over this matter and venue is appropriate.

**Exhaustion of Administrative Remedies**

The Ninth Circuit generally requires that petitioners seek administrative remedies before filing a habeas petition with the court. *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir.1991). This administrative exhaustion requirement is judicially created; it is not a statutory requirement. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990), *overruled on other grounds*, *Reno v. Koray*, 515 U.S. 50, 54-55 (1995). "Because exhaustion is not statutorily required, it is not jurisdictional." *Id*. (internal citation omitted). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." *Id*. (internal citation omitted).

The Government argues Petitioner "has not filed a single administrative remedy throughout his incarceration in the Federal Bureau of Prisons." (Doc. 13). This statement derives from the declaration of Supervisory Attorney Advisor for the BOP, Matthew Carney. (Doc. 13-1, p. 2). Mr. Carney declared Petitioner had not filed a single administrative remedy because the "Administrative Remedy Generalized Retrieval" computer printout shows "no remedy data exists for [Petitioner]." (Doc. 13-1, p. 15). In his Reply, Petitioner provides this Court with proof that he exhausted this issue at least to

the Warden at his prison facility. (Doc. 14, pp. 8-10) (includes Petitioner's Inmate Request and the Warden's Response). Petitioner does not, however, offer proof that he exhausted this claim to the Regional Director or National Director, as he is required to do for proper exhaustion.

Of some concern to the Court is the BOP's contention that Petitioner has not filed any administrative remedy requests. Based on documents submitted by Petitioner in his Reply, at a minimum Petitioner filed an Inmate Request within his prison facility and the Warden issued a written response on the claim pending before this Court. Because Petitioner has shown proof of some effort to administratively exhaust his claim the Magistrate Judge recommends ruling on the merits of the claim. The Magistrate Judge further notes it is in the interest of judicial and administrative efficiency to rule on the merits of Petitioner's claim. As explained below, Petitioner's claim fails on the merits. To require Petitioner to go back to the BOP to exhaust any potential administrative remedy only to refile in federal court, if he so chose, would be a waste of BOP and judicial resources.

**Credit for Presentence Incarceration**

The calculation of a term of imprisonment may include credit for presentence incarceration:

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). In enacting this statute, "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson,* 503

U.S. 329, 337 (1992); *see also Boniface v. Carlson,* 856 F.2d 1434, 1436 (9th Cir.1988), *per curiam.* Moreover, a federal sentence cannot begin until a prisoner is sentenced in federal district court. *Schleining v. Thomas*, 642 F.3d 1242, 1244 (9th Cir.2011).

In the case before this Court, Petitioner was sentenced for the federal crime of making a false statement on February 20, 2009. This is the earliest date his federal sentence could begin and the BOP determined Petitioner's federal sentence began on that day. At that time, however, Petitioner was still in the custody of the State of South Dakota. Petitioner's state sentence ran from March 15, 2008 through March 15, 2009. (Doc. 13-2, p. 23). Petitioner is not entitled to credit on his federal sentence for time he spent serving his state sentence; this double credit is prohibited. 18 U.S.C. § 3585(b).

The BOP did award Petitioner presentence credit on his federal sentence for the period of March 15, 2008 through March 20, 2008. These are the six days Petitioner spent in custody prior to pleading guilty to the state crime. The BOP declares that while these days were also credited against Petitioner's state sentence, the BOP also credits those days toward Petitioner's federal sentence pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir.1971). (Doc. 13-2, p. 5). Petitioner and the Government do not contest this calculation by the BOP.

Petitioner is not entitled to presentence credit on his federal sentence for the time he was in federal custody pursuant to a writ of habeas corpus *ad prosequendum*. Under this type of writ, the state maintains primary custody over the petitioner. *Thomas v. Brewer,* 923 F.2d 1361, 1367 (9th Cir.1991). While in federal custody pursuant to a writ of habeas corpus *ad prosequendum* from June 2, 2008 through February 23, 2009, Petitioner was on loan from the State of South Dakota. The federal government did not have primary custody of Petitioner as evidenced by the State of South Dakota crediting this time toward Petitioner's state sentence. Petitioner is not entitled to presentence credit on his federal sentence for this time period because he was not in the primary custody of the federal government and the State of South Dakota was already crediting this time period toward Petitioner's state sentence.

The Attorney General is charged with exclusive authority to calculate credit for time served under § 3585. *See Wilson*, 503 U.S. at 337, *United States v. Checchini*, 967 F.2d 348, 349 (9th Cir.1992). The federal sentencing court's recommendation that Petitioner receive presentence credit from June 2, 2008 to the date of sentencing is precluded by statute and the BOP's policies. *See* 18 U.S.C. § 3585, *see also* Program Statement 5880.28 (Doc. 13-2, pp. 25) (When the Judgment and Commitment order make a recommendation for presentence credit that is not authorized, that recommendation may be treated as surplusage).

**Recommendation**

The Magistrate Judge recommends that the District Court, after its independent review, deny the Amended Habeas Petition. Petitioner is not entitled to the presentence credits he seeks.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV 11-347-TUC-JGZ**.

Dated this 26th day of June, 2012.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE